UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **AUTHOR MANNING, II, as owner of THE GRAFFIC KNYGHTS, LLC,** *Plaintiff* | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | Case No. 1:21-cv-00544-RP-SH |
| **VIACOMCBS INC.,** *Defendant* | §<br>§<br>§ | |

## ORDER

Before the Court are Plaintiff Author Manning, II's Complaint, removed from the 353rd District Court of Travis County, Texas on June 21, 2021 (Dkt. 1-1); and Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 12) and Motion for Appointment of Counsel (Dkt. 13), both filed September 9, 2021. The District Court referred this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management of Cases Seeking Judicial Review of Social Security Decisions for the Austin Division. Dkt. 14.

### I. Motion To Proceed *In Forma Pauperis*

Plaintiff seeks leave to avoid prepayment of court fees and costs. After reviewing his Application, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** that he may proceed in this action without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is advised that although he has been granted leave to proceed *in forma*

*pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.     Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### A. Standard of Review

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's pro se status, however, does not offer him an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## B. Analysis

Plaintiff asserts that Defendant ViacomCBS Inc. has infringed his copyright in the animated series "Transformers" and "Teenage Mutant Ninja Turtles," as well as in various other ambiguously identified characters and ideas. Dkt. 1-1. It is unclear from Plaintiff's Complaint whether the Court has jurisdiction to review his claims and whether he can state a claim for copyright infringement.

To state a claim for direct copyright infringement under the Copyright Act, a plaintiff must show (1) ownership of a valid copyright, and (2) copying of constituent elements of the plaintiff's work that are original. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). The U.S. Copyright Office must affirmatively register a copyright before a copyright owner can maintain a suit for infringement. 17 U.S.C. § 411(a). Copyright registration "is akin to an administrative exhaustion requirement that the owner must satisfy before suing to enforce ownership rights." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019).

Accordingly, the Court **HEREBY ORDERS** Plaintiff to file a More Definite Statement by **November 5, 2021**:

1. Providing the Court with proof that Plaintiff holds a U.S. copyright registration for the allegedly infringed work(s), including the U.S. registration number(s) and a copy of any certificate(s) of registration; and
2. Clearly stating what original elements of his registered work(s) Defendant allegedly copied.

The Court warns Plaintiff that failure to fully comply with this Order by the deadline will result in the Court's recommendation that this case be dismissed.

**SIGNED** on October 8, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

3